IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 22-cr-10058-JWB

ROBERT LOUIS STEVENS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to modify his current payment schedule with the Federal Bureau of Prisons ("BOP"). (Doc. 30.) The motion is fully briefed and ripe for decision. (Docs. 30, 31.)[1] For the reasons stated below, the motion is DENIED.

On January 26, 2023, Defendant Robert Louis Stevens pled guilty to Count 2 of the indictment against him, which charged Possession of Child Pornography in violation of 18 U.S.C. 2252A(a)(5)(B). (Docs. 18, 24.) At his sentencing hearing on April 18, 2023, Defendant was sentenced to 120 months' imprisonment, along with a $100 special assessment, pursuant to 18 U.S.C. § 3013, and a $5,000 special assessment fee, pursuant to 18 U.S.C. § 2259A(a)(1).[2] (Doc. 24.) The court ordered payment to begin immediately, with payments of not less than 10% of the funds deposited into the inmate's trust fund account. (*Id*. at 7.)

On April 28, 2025, Defendant filed the present motion requesting that the court modify his alleged requirement to pay $25 every three months. Defendant claims that "he is not able to meet this obligation because he is paid $5.25 a month" and as such "the Federal Bureau of Prisons has

---

[1] Defendant did not file a reply brief and the time for doing so has passed.

[2] This statute is part of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA").

1

placed him in refusal status." (Doc. 30 at 1.)  The government argues that Defendant misstates the court's judgment in this case, that Defendant does not cite any authority giving the court jurisdiction to lower payments, and that Defendant's refusal to work does not supply a basis upon which the Court may modify the schedule of payment.  (Doc 31.)

In asking this court to change the schedule of his payments with the BOP, Defendant is functionally requesting a modification of his sentence, as the imposition of special assessments was part of his criminal conviction.  *See, e.g.*, *United States v. Gentry*, No. 23-3030, 2024 WL 177693, at *2 (10th Cir. Jan. 17, 2024) (evaluating AVAA assessments as part of a sentence). "Special assessments are 'punitive' in nature . . . such that the imposition of a special assessment is part of a defendant's sentence." *United States v. Bonilla*, 743 F. App'x 210, 214 (10th Cir. 2018) (internal citation omitted).  As such, the court requires a specific statutory grant of subject matter jurisdiction to amend a previously entered criminal sentence or special assessment.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Although Defendant cites to 18 U.S.C. § 3613A, for the proposition that courts can modify payment schedules (Doc. 30 at 1), this statute applies only in the context of probation or supervised release, and it does not grant authority to the courts in the context of a term of imprisonment.  Thus, Defendant has failed to provide any statutory authority for the court to modify his sentence as he requests.  Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (internal citations omitted).  "[T]he court cannot take on the responsibility of serving as [a

defendant's] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court also notes that the alleged $25 payment every three months was not part of this court's judgment. Rather, the court merely included mandatory assessments in the sentence and made them payable immediately. (Doc. 24.) Although the undersigned gave an instruction that payments should be made "of not less than 10% of the funds deposited each month into the inmate's trust fund account" (*Id*. at 7), the exact amounts to be paid was left to the administration of BOP. District Courts can delegate specific payment schedules to the BOP after determining that restitution or assessments are due immediately. *See, e.g.*, *United States v. Elwood*, 757 F. App'x 731, 734 (10th Cir. 2018) ("The court can't delegate its payment-scheduling authority to the BOP . . . Yet here, the district court didn't delegate anything—it ordered immediate restitution and specified a post-confinement payment schedule for any unpaid balance"). This means that the individual amounts and the time due for payments is set by BOP. Thus, Defendant's motion is functionally a request for the court to insert itself in the BOP management of Defendant's trust account. The court lacks any statutory authority to do so, and as a result, the motion must be denied even with a liberal construction of the court's authority to modify sentences.

Therefore, the court concludes that Defendant has failed to provide a sufficient statutory basis for modifying his sentence regarding the imposition of money assessments ordered in this case. Defendant's motion to modify his sentence and reduce his payment schedule with the BOP is DENIED. IT IS SO ORDERED. Dated this 22nd day of July 2025.

                                                         ___s/ John Broomes_____
                                                         JOHN W. BROOMES
                                                         UNITED STATES DISTRICT JUDGE